UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23491

LUIS SALVAT,

      Plaintiff,

vs.

GARDEN INN HOMESTEAD, INC.,
D & G PROPERTIES, INC.,
KROME EXPRESS, LLC,
DONALD K. GROH, and
RICHARD A. GROH,

      Defendants.

_____/

## **COMPLAINT**

     Plaintiff, Luis Salvat, sues Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Krome Express, LLC, Donald K. Groh, and Richard A. Groh, as follows:

### ***Parties, Jurisdiction, and Venue***

1.    **Plaintiff, Luis Salvat**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    **Defendant, Garden Inn Homestead, Inc. ("Garden In"),** is a *sui juris* Florida for-profit corporation that conducted its hotel business in Miami-Dade County, Florida, at all times material, where it maintained its principal place of business and owed real property.

3.    **Defendant, D & G Properties, Inc. ("D & G"),** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

4.    **Defendant, Krome Express, LLC ("Krome Express"),** is a *sui juris* Florida

1

for-profit limited liability corporation that was authorized to conduct and actually conducted its gas station and convenience store business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business

5. **Defendant, Donald K. Groh,** was at all times material an owner/officer/director/member of of Garden In, D & G, and Krome Express, for the time period relevant to this lawsuit. He ran Garden In, D & G, and/or Krome Express' day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

6. **Defendant, Richard A. Groh,** was at all times material an owner/officer/director/member of Garden In, D & G, and Krome Express for the time period relevant to this lawsuit. He ran Garden In, D & G, and/or Krome Express' day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 26 U.S.C. §201, *et seq*., and 26 U.S.C. §7434.

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## <u>COUNT I - FLSA OVERTIME WAGE VIOLATION(S)</u>

Plaintiff, Luis Salvat, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

11.     Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Krome Express, LLC, operated out of the same office located at 27501 S. Dixie Highway, Suite 402, Homestead, FL 33032 and the had the same officers/directors, Donald K. Groh and Richard A. Groh, at all times material to this lawsuit.

13.     Defendant, D & G Properties, Inc., also was the managing member of Krome Express, LLC, at all times material to this action.

14.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

15.     Defendants have been at all times material engaged in interstate commerce in the course of their provision of hospitality, lodging, gasoline sales and operation of a convenience store which, traditionally, cannot be performed without using computers, petroleum products, uniforms, goods, materials, supplies, and equipment that have all moved through interstate commerce.

16.     Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

3

17.     Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

18.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

19.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

20.     Plaintiff was a non-exempt employee of Defendants.

21.     Plaintiff consents to participate in this lawsuit.

22.     Defendants hired Plaintiff to work for them as a security guard.

23.     Plaintiff worked for Defendants as a security guard from about 2009 to October 31, 2018. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

24.     Defendants required that Plaintiff work for them at their hotel for six days per week from 10:00 p.m. to 6:00 a.m.

25.     Defendants also required that Plaintiff work for them on Saturdays from 1:00 p.m to 10:00 p.m.

26.     Defendants would pay Plaintiff an hourly rate of $11.00 during his employment with Defendants.

27.     Defendants paid Plaintiff on a bi-weekly basis for all hours worked at the hotel during each pay period by check.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

28.     Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

29.     Defendants paid Plaintiff in cash at his regular hourly rate of pay of $11.00 per hour for the additional hours he worked beyond 80 in a pay period at the gas station.

30.     Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek.

31.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by paying Plaintiff in cash for all hours worked over 80 in a pay period at their gas station at his regular rate of pay.

32.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

33.     Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Luis Salvat, demands the entry of a judgment in his favor and against Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Krome Express, LLC, Donald K. Groh, and Richard A. Groh, jointly and severally after trial by jury, and as follows:

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

a.    That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.    That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.    That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d.    That Plaintiff recover all interest allowed by law;

e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.    Such other and further relief as the Court deems just and proper.

## <u>COUNT II – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2018</u>

Plaintiff, Luis Salvat, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

34.    Plaintiff performed worked for Defendants during calendar year 2018.

35.    Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

36.    Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, paid Plaintiff and so are directly responsible for the issuance of

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884    FAX 305.230.4844
www.fairlawattorney.com

checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct 1099's to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on own behalf of the corporate Defendants.

37.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, normally paid Plaintiff by check for most of the hours he worked in a bi-weekly pay period in 2018.

38.     During the time that Plaintiff worked for Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, they also paid Plaintiff in cash in 2018.

39.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, did not include the amounts that they paid to Plaintiff in the cash in 2018 in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2018.

40.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form 2018 for calendar year 2018 by underreporting the amount they paid to Plaintiff in calendar year 2018.

41.     Plaintiff suffered damages as a result of Defendants' willful provision of false information returns in 2018 caused by Defendants' intentional and willful acts as described above.

42.     Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) **Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> (2) the costs of the action, and
>
> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Luis Salvat, demands the entry of a judgment in his favor and against Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, jointly and severally after trial by jury and as follows:

> a.      That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2018 as set forth above;
>
> b.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;
>
> c.      That Plaintiff recover all interest allowed by law; and
>
> d.      Such other and further relief as the Court deems just and proper.

## **COUNT III – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2017**

Plaintiff, Luis Salvat, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

43.      Plaintiff performed worked for Defendants during calendar year 2017.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

44.    Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

45.    Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct 1099's to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on own behalf of the corporate Defendants.

46.    Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, normally paid Plaintiff by check for most of the hours he worked in a bi-weekly pay period in 2017.

47.    During the time that Plaintiff worked for Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, they also paid Plaintiff in cash in 2017.

48.    Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, did not, however, include the amounts that they paid to Plaintiff in the cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2017.

49.    Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form 2017 for calendar year 2017 by underreporting the amount they paid to Plaintiff in calendar year 2017.

9

50.   Plaintiff suffered damages as a result of Defendants' willful provision of false information returns in 2017 caused by Defendants' intentional and willful acts as described above.

51.   Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Luis Salvat, demands the entry of a judgment in his favor and against Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh,, jointly and severally after trial by jury and as follows:

a.   That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2017 as set forth above;

b.   That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c.   That Plaintiff recover all interest allowed by law; and

d.   Such other and further relief as the Court deems just and proper.

10

## <u>COUNT IV − VIOLATION(S) OF 26 U.S.C. §7434 FOR 2016</u>

Plaintiff, Luis Salvat, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

52.     Plaintiff performed worked for Defendants during calendar year 2016.

53.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

54.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct 1099's to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on own behalf of the corporate Defendants.

55.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, normally paid Plaintiff by check for most of the hours he worked in a bi-weekly pay period in 2016.

56.     During the time that Plaintiff worked for Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, they also paid Plaintiff in cash in 2016.

57.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, did not, however, include the amounts that they paid to Plaintiff in the cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2016.

11

58.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form 2016 for calendar year 2016 by underreporting the amount they paid to Plaintiff in calendar year 2016.

59.     Plaintiff suffered damages as a result of Defendants' willful provision of false information returns in 2016 caused by Defendants' intentional and willful acts as described above.

60.     Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Luis Salvat, demands the entry of a judgment in his favor and against Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, jointly and severally after trial by jury and as follows:

a.      That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2016 as set forth above;

b.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and

12

expenses pursuant to 26 U.S.C. §7434;

c.    That Plaintiff recover all interest allowed by law; and

d.    Such other and further relief as the Court deems just and proper.

## COUNT V – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2015

Plaintiff, Luis Salvat, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

61.    Plaintiff performed worked for Defendants during calendar year 2015.

62.    Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

63.    Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct 1099's to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on own behalf of the corporate Defendants.

64.    Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, normally paid Plaintiff by check for most of the hours he worked in a bi-weekly pay period in 2015.

65.    During the time that Plaintiff worked for Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, they also paid Plaintiff in cash in 2015.

13

66.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, did not, however, include the amounts that they paid to Plaintiff in the cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2015.

67.     Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and Richard A. Groh, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form 2015 for calendar year 2015 by underreporting the amount they paid to Plaintiff in calendar year 2015.

68.     Plaintiff suffered damages as a result of Defendants' willful provision of false information return for 2015 caused by Defendants' intentional and willful acts as described above.

69.     Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

   (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

   (2) the costs of the action, and

   (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Luis Salvat, demands the entry of a judgment in his favor and against Defendants, Garden Inn Homestead, Inc., D & G Properties, Inc., Donald K. Groh, and

14

Richard A. Groh, jointly and severally after trial by jury and as follows:

    a.    That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2015 as set forth above;

    b.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    c.    That Plaintiff recover all interest allowed by law; and

    d.    Such other and further relief as the Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated this <u>21st</u> day of August 2019.

Respectfully Submitted,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 North Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*